UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY ALAN BROWN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No. 17-11334
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER SUSTAINING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION [19] GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17] AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]**

Gary Alan Brown applied for Disability Insurance Benefits based upon his degenerative disc disease, tendonitis of the shoulders, and several other ailments. After his claim was denied, Brown appeared at a hearing before an Administrative Law Judge (ALJ) in July 2015. The ALJ scheduled additional consultative examinations, and a supplemental hearing was held in February 2016. The ALJ issued an unfavorable decision about a month later. The Appeals Council denied Brown's request for a review of that decision. In April 2017, Brown filed the present action. The Court referred all pretrial proceedings to Magistrate Judge Anthony P. Patti who issued a Report and Recommendation to grant the Commissioner's motion for summary judgment and to deny Brown's. Brown makes only one objection to the Report.

For the reasons that follow, the Court will sustain Brown's objection and remand the case for clarification.

# I.

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007); *see also Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." (citations and quotations omitted)).

**II.**

Brown's sole objection is that the Magistrate Judge should have found that the ALJ afforded Dr. Shelby-Lane's opinion the greatest weight amongst all of the medical opinions. And the Magistrate Judge's failure to make that finding is significant, argues Brown, because if the ALJ did assign Shelby-Lane's opinion the most weight, then he should have incorporated one of Dr. Shelby-Lane's sit/stand limitations into his Residual Functional Capacity (RFC) assessment. But the ALJ did not incorporate the limitation and offered no explanation as to why that limitation was excluded.

While Brown harps on the Magistrate Judge's finding that the ALJ accorded weight—but not the greatest weight—to Dr. Shelby-Brown's medical opinion, his argument at bottom is that the RFC is inconsistent with Dr. Shelby-Brown's opinion and the ALJ failed to provide a reason for that inconsistency. So that is what the Court will focus on.

An analysis of Brown's claim benefits by providing some background. Dr. Shelby-Lane was a consultative examiner, not a treating source. She opined on various aspects of Brown's functional capacity. (R. 9-9, PageID.491–97.) As relevant here, she thought that Brown could walk for up to three hours, stand for up to three hours, and sit for up to three hours in an eight-hour workday. (R. 9-9, PageID.493.) Brown's treating source, Dr. Richter, provided that Brown could sit for no more than two hours, and stand or walk for no more than one hour. (R. 9-9, PageID.475.) The ALJ reviewed both opinions and assigned "weight" to Dr. Shelby-Lane's opinion, as he found her opinion credible based on the record, and gave the treating opinion "limited weight." (R. 9-2, PageID.55–56.)

Having reviewed the medical opinions, the ALJ turned to crafting Brown's RFC. The ALJ restricted Brown to light work, as defined by 20 C.F.R. 404.1567(b), and included an extensive

list of limitations—none of which included a daily cap in standing, sitting, or walking. (R. 9-2, PageID.52.) He did add a sit-stand option "allowing [Brown] to perform the work either in a sitting or standing position and allowing for a change of position every 30 minutes." (*Id.*) And, consistent with light work, 20 C.F.R. § 404.1567(b), the ALJ's hypothetical to the vocational expert assumed Brown's ability to stand and walk six out of eight hours, and the ability to sit "the same amount of time." (R. 9-3, PageID.132.) So with the sit-stand option, Brown was deemed capable of sitting and standing for not three but four hours each, changing position each half hour.

The Magistrate Judge found that the RFC was not inconsistent with the three-hour cap because it permitted situations (say, walk for two hours, and sit and stand for three hours each) that could comply with that cap. While the Court acknowledges that point, the RFC does not *ensure* work that complies with that three-hour limit, i.e., there may be jobs that are compatible with the ALJ's RFC that required more than three hours of one of sitting, standing, or walking. Because the ALJ did not ask the vocational expert how much standing, walking, and sitting the identified work entailed, the Court does not know whether the work complied with the three-hour cap. And it is the Commissioner's burden at the last step to prove "there is work available in the economy that [Brown] can perform." *Her v. Comm'r of Soc Sec.*, 203 F.3d 388, 391–91 (6th Cir. 1999).

This might all have been fine if the ALJ explained why he found Brown capable of sitting or standing more than three hours a day. But he did not. Certainly, an ALJ is not obliged to adopt or even explain his reasons for rejecting a non-treating medical source. *Knight v. Comm'r of Soc. Sec.*, No. CV 14-11389, 2015 WL 12696223, at *6 (Apr. 15, 2015), *report and recommendation adopted*, 2015 WL 4528055 (E.D. Mich. July 27, 2015) (*citing Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x. 496, 506, (6th Cir. 2006)). But here, the ALJ did afford Dr. Shelby-Lane's opinion "weight," and did not articulate any basis for departing from her opinion. Indeed, both medical

4

opinions limited Brown's ability to sit and stand to no more than a few hours a day (one limited to two hours and the other to three hours). And the ALJ points to no other record evidence to suggest that Brown could sit or stand for longer than three hours. While the ALJ did highlight Brown's ability to bowl, perform light house work, walk without difficulty, and even work full time for a period as evidence to discredit Brown's own testimony, none of this evidence directly suggests Brown's ability to sit or stand for longer than three hours a day. So, without an explanation from the ALJ, the Court cannot determine how the ALJ found that Brown was able to sit and stand for four hours a day or why Dr. Shelby-Lane's opinion on that matter was disregarded while other of her limitations were adopted. *See Lowery v. Comm'r, Soc. Sec. Admin.*, 55 F. App'x. 333, 339 (6th Cir. 2003) (providing that an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning"); *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995).

The Court further cannot find that the ALJ's failure to explain did not prejudice Brown. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). Without knowing why the three-hour limit was rejected, we cannot know whether it should have been included in the RFC and, if it had, whether it would have rendered Brown disabled. In particular, it is not clear whether someone limited to standing and sitting for no more than a total of six hours (three each) could perform the jobs the vocational expert identified.

Because the ALJ failed to provide a rationale for a key portion of the administrative analysis, a remand for clarification is required.

### III.

For the foregoing reasons, the Court will sustain Plaintiff's objection and reject the Report (R. 19) Granting the Commissioner's Motion for Summary Judgment (R. 17) and Denying

Brown's Motion for Summary Judgment (R. 15). Accordingly, the Court REMANDS the case for further proceedings in accordance with this opinion.

SO ORDERED.

Dated: September 4, 2018
s/Laurie J. Michelson
U. S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 4, 2018.
+

s/Teresa McGovern
Case Manager Generalist